UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TUANJA EDWARD ANDERSON,

    Plaintiff,

v.

I. REYES,

    Defendant.

Case No. 15-cv-03340-VC (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

    Plaintiff Tuanja Edward Anderson, an inmate at Salinas Valley State Prison proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Correctional Officer I. Reyes. Anderson has filed a motion for leave to proceed *in forma pauperis*, which is granted in a separate order. The Court now addresses the claim asserted in Anderson's complaint.

## DISCUSSION

### I.     Standard of Review

    A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

**II. Anderson's Allegations**

Anderson's complaint alleges that, on September 8, 2014, Reyes wrote a false rules violation report against Anderson for indecent exposure. As a result, Anderson "went to the hole for 4 1/2 months."

These allegations, even if true, do not alone raise a constitutional claim. "As long as a prisoner receives procedural due process during his disciplinary hearing, a prisoner's allegation of a fabricated prison disciplinary charge fails to state a cognizable claim for relief under § 1983." *Harper v. Costa*, 2009 WL 1684599, at *2 (E.D. Cal. June 16, 2009).

Because Anderson does not allege that he was denied procedural due process protections during his disciplinary hearing (and because he does not identify who, if anyone, denied his procedural due process rights), his allegations do not state a cognizable claim for relief. However, Anderson is granted leave to amend to state a procedural due process claim based on the proceedings at his disciplinary hearing, if he truthfully can do so.

**CONCLUSION**

Based on the foregoing, the Court orders as follows:

1. Anderson's claim against Reyes for filing a false report is dismissed with leave to amend.

2. Anderson may file an amended complaint within twenty-eight days from the date of this Order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint

completely replaces the original complaint, Anderson must include in it all the allegations he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this action.

3. It is Anderson's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

Dated: August 13, 2015

_____
VINCE CHHABRIA
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TUANJA EDWARD ANDERSON,

    Plaintiff,

    v.

I. REYES,

    Defendant.

Case No. 15-cv-03340-VC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 13, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Tuanja Edward Anderson ID: V28811
Salinas Valley State Prison
PO Box 1020
Soledad, CA 93960

Dated: August 13, 2015

Richard W. Wieking
Clerk, United States District Court

By:_____
Kristen Melen, Deputy Clerk to the
Honorable VINCE CHHABRIA

4